UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

N.R.A.V.,

            Petitioner,

        v.

KRISTI NOEM, et al.,

            Respondents.

No.  1:26-cv-00994-DAD-JDP (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, GRANTING PETITIONER'S MOTION TO PROCEED UNDER PSEUDONYM, AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. Nos. 1, 2, 3)

On February 4, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  That same day, petitioner also filed a motion for temporary restraining order requesting his immediate release and an order enjoining respondents from re-detaining him without first providing a pre-detention hearing before a neutral adjudicator where respondents would bear the burden to demonstrate that Petitioner is a danger to the community or a flight risk.  (Doc. No. 3.)  Petitioner also filed a motion to proceed under a pseudonym in this action.  (Doc. No. 2.)  On February 5, 2026, the court set a briefing schedule for petitioner's motion for a temporary restraining order and motion to proceed pseudonymously and directed respondents to address in  their opposition whether any provision of law or fact in this case would distinguish it

1

from the circumstances addressed in this court's recent decisions in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), where the court concluded that due process required a pre-detention hearing in order to protect the petitioner's liberty interest in her continued release and *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025), where the court concluded the same.  (Doc. No. 5.)

On February 6, 2026, respondents filed an opposition to the motion for temporary restraining order.  (Doc. No. 9.)  Respondents concede therein that there does not appear to be any substantive distinctions between this case and *Ayala Cajina* and state that they do not oppose petitioner's motion to proceed under a pseudonym.  (*Id.* at 1.)  Respondents also state that they do not oppose converting the motion for temporary restraining order to a motion for preliminary injunction.  (*Id.*)  Moreover, respondents state that they do not oppose resolving the underlying petition for writ of habeas corpus on the current briefing.  (*Id.*)

In support of his petition for writ of habeas corpus and motion for a temporary restraining order, petitioner presents evidence of the following.

Petitioner entered the United States on May 27, 2024, encountered immigration authorities at a port of entry, and was subsequently paroled into the United States and released "on his own recognizance."  (Doc. No. 1 at ¶¶ 3, 17.)  On November 18, 2025 petitioner was detained by immigration authorities without a pre-detention hearing.  (*Id.* at ¶ 2.)

Because respondents have conceded that this case is not substantively distinct from the court's prior order in *Ayala Cajina* or *Perez*, the court incorporates and adopts the reasoning set forth in those orders and finds that petitioner's continued detention violates due process.  Because respondents do not oppose permitting petitioner to proceed under a pseudonym in this action, and in light of petitioner's application for asylum (Doc. No. 1 at ¶ 18), the court will grant petitioner's motion to proceed under a pseudonym.

For the reasons set forth above,

1.     Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as

follows:

       a.     Respondents are ORDERED to immediately release petitioner from respondents' custody on the same conditions he was subject to immediately prior to his re-detention on November 18, 2025;

       b.     Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden to demonstrate that petitioner is a danger to the community or a flight risk;

2.    Petitioner's motion to proceed under a pseudonym (Doc. No. 2) is GRANTED;

3.    Petitioner's motion for a temporary restraining order (Doc. No. 3) is DENIED as having been rendered moot in light of this order;

4.    The Clerk of the Court is directed to ENTER judgment in favor of petitioner; and

5.    The Clerk of the Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated:   **February 11, 2026**       _____

                 DALE A. DROZD
                 UNITED STATES DISTRICT JUDGE